**IOWA ELECTRIC LIGHT AND POWER COMPANY, Appellant,**

v.

**MOBILE AERIAL TOWERS, INC., and Tel-E-Lect, Inc., and Badger Body and Truck Equipment Company, Appellees.**

No. 83–1598.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1983.

Decided Dec. 20, 1983.

Before LAY, Chief Judge, and HEANEY and ARNOLD, Circuit Judges.

LAY, Chief Judge.

Iowa Electric Light & Power Co. brought this action against Mobile Aerial Towers, Inc., Tel-E-Lect, Inc., and Badger Body & Truck Equipment Co., for damages arising from the collapse of a boom on one of Iowa Electric's bucket trucks. The district court [1] granted defendants' motion for summary judgment based on collateral estoppel. The court reasoned that Iowa Electric's claim was precluded by a judgment entered for the defendants in an earlier action brought by two employees of Iowa Electric arising from personal injuries incurred at the time of the collapse of the boom. Iowa Electric appeals from the judgment of dismissal. We affirm.

On May 31, 1979, a boom collapsed on a bucket truck owned by Iowa Electric. The truck was manufactured by Mobile Aerial Towers, Inc., sold by Badger Body & Truck Equipment Co., and repaired and inspected by Tel-E-Lect, Inc. The two Iowa Electric employees injured by the accident, Atalig and Whipple, each brought suit in the United States District Court for the Northern District of Iowa against the three parties. Iowa Electric filed a workers' compensation lien pursuant to Iowa Code § 85.22 (1979) in the Atalig suit, but not the Whipple suit. The Atalig and Whipple suits were then consolidated for trial, which began June 21, 1982.

Attorneys for Iowa Electric participated in a number of depositions taken in the consolidated personal injury cases brought by the two employees. Iowa Electric advanced $26,889 for expenses incurred in preparation of the trial of the employee claims. The claims were based on strict liability and negligence, and no issue of contributory negligence was raised. On July 3, 1982, the jury returned a verdict

James F. Pickens, Matthew G. Novak of Pickens, Barnes & Abernathy, Cedar Rapids, Iowa, for appellee Tel-E-Lect, Inc.

Bruce Washburn, Cedar Rapids, Iowa, for appellant Iowa Elec. Light and Power Co.

Gerald T. Sullivan, Cedar Rapids, Iowa, for appellee Mobile Aerial Towers, Inc.

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

against the employees and in favor of the three defendants.

After the Atalig and Whipple suits were filed but before the trial began, Iowa Electric commenced this action seeking recovery for damages to the bucket truck and for amounts paid to Atalig and Whipple under the workers' compensation statute. Based on the Atalig and Whipple jury verdict, the defendants filed a motion for summary judgment on the ground that Iowa Electric should be precluded from litigating issues previously determined in the Atalig and Whipple case.

### Property Damage Claim

■ Under the doctrine of collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The substantive law to be applied, however, is state common law. *Kuehn v. Garcia,* 608 F.2d 1143, 1147 (8th Cir.1979), *cert. denied,* 445 U.S. 943, 100 S.Ct. 1340, 63 L.Ed.2d 777 (1980). The issue in this case is whether Iowa Electric "was so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution."[2] *Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa

1981) (quoting *Bertran v. Glens Falls Insurance Co.,* 232 N.W.2d 527, 533 (Iowa 1975)).

■ Our review of the record is in accord with the district court's conclusion that Iowa Electric was sufficiently connected in interest with the individual plaintiffs as to have had a full and fair opportunity to litigate the negligence and strict liability issues in the earlier trial. Iowa Electric attended and participated in a number of depositions taken in the consolidated Atalig and Whipple case; Iowa Electric also paid $26,889 for expenses incurred in connection with the Atalig and Whipple claims. These facts demonstrate a sufficient connection to bind Iowa Electric to the prior outcome.

### Workers' Compensation Claim

■ Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).[3] The claim asserted by Iowa Electric for the amounts paid to Atalig and Whipple under the workers' compensation law is within the same claim initially brought by Atalig and Whipple for their personal injuries. Under the subrogation provisions of Iowa Code § 85.-22 (1983), Iowa Electric was in privity with Atalig and Whipple. Section 85.22 provides that if an employee recovers damages from a third party for injuries compensable under the workers' compensation provision, then the employer shall be indemnified to

---

**2.** At oral argument Iowa Electric conceded that they had identity of issues with the prior action, and stated that the real issue is identity of parties and whether Iowa Electric had a full and fair opportunity to litigate the same issues litigated by Atalig and Whipple.

**3.** The distinction between res judicata and the related doctrine of collateral estoppel is succinctly set forth in *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979). Significant to our discussion here, the Court goes on to say:

[T]he persons for whose benefit and at whose direction a cause of action is litigated cannot be said to be "strangers to the cause. . . . [O]ne who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution

or defense of an action in aid of some interest of his own . . . is as much bound . . . as he would be if he had been a party to the record." . . . Preclusion of such nonparties falls under the rubric of collateral estoppel rather than res judicata because the latter doctrine presupposes identity between causes of action. And the cause of action which a nonparty has vicariously asserted differs by definition from that which he subsequently seeks to litigate in his own right.

*Id.* at 154, 99 S.Ct. at 974 (citations omitted) (quoting *Souffront v. Compagnie des Sucreries,* 217 U.S. 475, 486–87, 30 S.Ct. 608, 612, 54 L.Ed. 846 (1910)). Res judicata does apply to the workers' compensation claim, however, because in this case there is "identity between causes of action.".

the extent of workers' compensation payments made to the employee. If an employee fails to bring an action within ninety days, then his employer or the employer's insurer is subrogated to the rights of the employee to maintain an action against the third party. The damages recoverable are not limited to the amounts paid by the employer. Rather, the employer may recover damages for the injury to the same extent that the employee might, and the excess of the amounts paid by the employer inures to the employee. Thus, we think it clear that Iowa Electric is statutorily in privity with Atalig and Whipple. This conclusion is not affected by the fact that Iowa Electric filed a lien in the Atalig suit and not the Whipple suit. A lien was automatically created by statute in both suits, and filing was necessary only to continue and preserve the lien.

Iowa Electric's attempt to assert its subrogation claim separately from the injured employees' claim is an attempt to split a cause of action, a principle long recognized by the Iowa Supreme Court as improper. In *Black v. Chicago Great Western R. Co.*, 187 Iowa 904, 174 N.W. 774, 778 (1919), the Iowa Supreme Court stated: "In subrogation, there is no splitting of causes of action.... The employer, or the party entitled to subrogation, stands in the shoes of the plaintiff, and can be subrogated to no greater rights than the one in whose place he is substituted." Atalig and Whipple lost their actions, and because Iowa Electric stands in the shoes of these employees, it cannot sue again on those claims.

In conclusion, we hold that Iowa Electric is barred from proceeding in its action by the doctrines of res judicata and collateral estoppel. The judgment of the district court is affirmed.