David NITZ and Karen Nitz, husband and wife, Appellants,

v.

DAVID NITZ, INC., a Minnesota corporation, Respondent.

No. C9–86–1984.

Court of Appeals of Minnesota.

April 7, 1987.

---

Michael A. Stern, Leo G. Stern, Michael A. Trittipo, Fredrikson & Byron, P.A., Minneapolis, for appellants.

Joan S. Morrow, Eric J. Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Barry G. Vermeer, Gislason, Dosland, Hunter & Malecki, Minnetonka, for Appellant David Nitz on cross-claim.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER, and FOLEY, JJ.

## OPINION

PARKER, Judge.

In this personal injury action, the trial court ordered summary judgment for respondents on the ground that the suit was barred by the two-year statute of limitations for claims arising out of improvements to real property. Appellants argue on appeal that the two-year statute of limitations is inapplicable because the construction involved was not an improvement to real property. We affirm.

## FACTS

In May 1980 appellants David and Karen Nitz moved into a new home in Orono, Minnesota. The home had been built by respondent David Nitz, Inc., of which David Nitz is the president and sole shareholder. After moving into the new home, Karen Nitz bought a birdfeeder and asked one of respondent's employees to install it for her. The employee hung the feeder on a clothesline which ran through pulleys attached to a tree at one end and to a five-foot long wooden post at the other end. The post was attached to a corner of the Nitzes' outside deck with three nails. The deck was unfinished at the time and had no railing.

On June 30, 1981, Karen Nitz apparently[1] was leaning on the post as she filled the birdfeeder, and the post gave way. Nitz fell 15 feet to the ground below, suffering a burst fracture of the vertebrae and other injuries. As a result, she now suffers from permanent disabilities.

The Nitzes filed a complaint against respondent on May 24, 1984, nearly three years later, alleging that Karen Nitz's injuries were caused by respondent's failure to secure the birdfeeder assembly to the deck adequately. The district court granted respondent's motion for summary judgment, ruling that the suit was barred by the two-year statute of limitations for injuries arising out of improvements to real property. Minn.Stat. § 541.051, subd. 1 (1984). On appeal the Nitzes contend that this section does not apply because the claim did not arise out of an improvement to real property.

## ISSUE

Was the Nitzes' action barred by the two-year statute of limitations set forth in Minn.Stat. § 541.051, subd. 1?

---

1. It is noted that nowhere in the complaint did the Nitzes claim that Karen Nitz was leaning on the post when it gave way. Therefore, the necessary causal nexus between the post's failure to remain secure and her fall was never alleged. The Nitzes' cause of action would fail on this ground, as well as the ground discussed herein.

## DISCUSSION

Minn.Stat. § 541.051, subd. 1 (1984), provides that "no action by any person in * * tort * * * to recover damages * * * for bodily injury * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought * * * more than two years after discovery thereof * * *."

The trial court ruled that § 541.051, subd. 1, applied to this claim because the Nitzes' cause of action arose out of the unsafe condition of their residence and deck, which were improvements to real property. The Nitzes argue that their complaint was based only on the construction and design of the birdfeeder assembly, which was not an improvement to real property. The Nitzes' original complaint, however, read:

### FIRST CLAIM

\* \* \* \* \* \*

4. *As part of the residence,* defendant constructed a bird feeding station *on the corner of the outdoor deck.* * * *. Such station was negligently and improperly constructed by defendant in that the supporting wooden brace was not adequately secured *to the deck.*

### THIRD COUNT

\* \* \* \* \* \*

15. The supporting wooden brace of the bird feeder was defective and unreasonably dangerous to plaintiffs *and thereby the residence was unsafe for their occupancy, use and enjoyment.*
(Emphasis added).[2]

The language of the Nitzes' complaint is fatal to their argument. In the first count, the birdfeeder was characterized as "part of the residence," rather than a separate entity. That count also charged that the

wooden brace should have been adequately secured to the deck. In the third count, the Nitzes' alleged that the entire residence, not just the birdfeeder, was unsafe. Moreover, the use of the word "thereby" indicates an element of causation; that is, the Nitzes claimed that the defective design of the wooden brace caused the residence to be unsafe.

The Nitzes' complaint involved the deck and residence which were clearly improvements to real property. Therefore, Minn. Stat. § 541.051, subd. 1, applied to their claims. Because the complaint was filed more than two years after the injury occurred, the Nitzes' cause of action was barred by the statute of limitations.[3]

## DECISION

Affirmed.

---

2. The Nitzes voluntarily dismissed the second count of their complaint, which alleged that the residence was not of merchantable quality, before respondent moved for summary judgment.

3. If the Nitzes could state a cause of action that did not arise out of an improvement to real property, Minn.Stat. § 541.051, subd. 1, would

not apply, and the applicable statute of limitations presumably would be six years. *See* Minn. Stat. § 541.05(5) (1984). We have therefore expedited the release of this opinion in order to afford the Nitzes the opportunity to pursue such a cause of action, if one exists, before the six-year period expires.