**Karen NITZ, Appellant,**

v.

**David NITZ, defendant and third-party plaintiff, Respondent,**

v.

**DAVID NITZ, INC., third-party defendant, Respondent.**

**No. C8–89–2204.**

Court of Appeals of Minnesota.

May 29, 1990.

Donald C. Long, Stoneking and Long, P.A., Michael A. Trittipo, Fredrickson and Byron, P.A., Minneapolis, for Karen Nitz.

R. Stephen Tillitt, Barry G. Vermeer, Gislason, Dosland, Hunter and Malecki, Minnetonka, for David Nitz.

William J. Egan, Eric J. Magnuson, Rider, Bennett, Egan and Arundel, Minneapolis, for David Nitz, Inc.

Considered and decided by SCHUMACHER, P.J., and FORSBERG and KLAPHAKE, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a judgment dismissing appellant Karen Nitz's claims against

respondent David Nitz on res judicata grounds. Respondent has filed a notice of review, challenging dismissal of his third-party claims against respondent David Nitz, Inc. ("Corporation"). We affirm.

## FACTS

The facts of this case involve three lawsuits: *Nitz I, Nitz II,* and *Nitz III.* This appeal involves dismissal of claims raised in *Nitz II.*

In May 1980, appellant and respondent, who is her husband and the president of the Corporation, moved into a new home built by the Corporation. Appellant purchased a birdfeeder, which she had installed on a second-story deck by one of the Corporation's employees.

On June 30, 1981, appellant was filling the birdfeeder when the post by which it was attached to the deck gave way. Appellant fell from the deck and sustained permanent injuries to her spine.

In *Nitz I,* appellant and respondent sued the Corporation for negligent installation of the birdfeeder. The Corporation filed a counterclaim against respondent for contribution or indemnity. In July 1986, the trial court dismissed the complaint with prejudice after determining the suit was barred by Minn.Stat. § 541.051, subd. 1 (1984), the two-year statute of limitations for improvements to real property. The trial court's decision was subsequently affirmed by this court. *See Nitz v. Nitz, Inc.,* 403 N.W.2d 652 (Minn.App.1987).

*Nitz II,* which is the subject of this appeal, was commenced in August 1986. In *Nitz II,* appellant sued respondent for negligent maintenance and inspection of the birdfeeder. Respondent brought a third-party action against the Corporation for contribution and/or indemnity.

*Nitz III* was commenced in June 1987 when appellant and respondent again sued the Corporation, this time for negligent design of the birdfeeder. The Corporation counterclaimed against respondent for contribution and/or indemnity. In May 1988, the trial court consolidated *Nitz II* and *Nitz III.*

In connection with *Nitz II,* respondent moved for summary judgment against appellant on the ground her claims were barred by res judicata. The Corporation followed with motions for summary judgment against respondent in *Nitz II* and against appellant and respondent in *Nitz III.* The Corporation's motions were also based on res judicata grounds.

The trial court eventually granted those motions for summary judgment, and dismissed the claims raised in both *Nitz II* and *Nitz III.* This appeal followed entry of judgment.

## ISSUE

Did the trial court err in dismissing appellant's claims against respondent in *Nitz II* on res judicata grounds?

## ANALYSIS

Summary judgment is proper where no material issues of fact exist and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03.

Res judicata bars a second suit for the same claim by the same party. The doctrine has been described as follows:

> A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein.

*Hauser v. Mealey,* 263 N.W.2d 803, 807 (Minn.1978) (quoting *The Youngstown Mines Corp. v. Prout,* 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963)) (emphasis deleted).

1. Appellant argues *Nitz II* involves different claims than those presented in *Nitz I.* A test for determining whether two successive suits involve the same claims is to inquire whether both actions arise from the "same operative nucleus of facts." *Anderson v. Werner Continental, Inc.,* 363 N.W.2d 332, 335 (Minn.App.1985), *pet. for rev. denied* (Minn. June 24, 1985).

Here, the facts of the two cases are virtually identical. In both complaints, ap-

pellant alleges she was filling the birdfeeder when the post gave way, causing her to fall. Both complaints allege the birdfeeder was not properly or adequately attached to the deck. Both complaints seek compensation for the injuries received as a result of this fall. Thus, there is no material difference between the facts appellant would have had to prove at a trial in either case.

Indeed, the only difference between the two actions is appellant's theory of liability: in *Nitz I* she and respondent claimed the Corporation negligently installed the birdfeeder; in *Nitz II* she claims respondent negligently maintained and repaired the birdfeeder. A change in theory cannot be used to avoid res judicata. *See Antonson v. Ekvall*, 295 Minn. 558, 204 N.W.2d 446 (1973) (where factual setting is same as that in former tort action, plaintiff cannot relitigate same basic claims in subsequent contract action); *Dollar Travel Agency, Inc. v. Northwest Airlines, Inc.*, 354 N.W.2d 880, 882–83 (Minn.App.1984) (judgment in earlier contract action bars later tort action, where plaintiff could have litigated both claims in first action).

Appellant further asserts she could not have brought a claim for negligent maintenance and repair in *Nitz I* because the Corporation was not the owner in possession of the property where the injury occurred. However, appellant could have sued respondent directly, and respondent still could have pursued his loss of consortium claim against the Corporation. Regardless of appellant's reasons for not doing so, whether personal or strategic, she is bound by her decision and should not be allowed to split her claims and bring successive suits involving the same set of facts. *See Hauser*, 263 N.W.2d at 807.

■ 2. Appellant next argues the parties in *Nitz II* are not identical to those involved in *Nitz I*. In *Nitz I*, appellant and respondent sued the Corporation, and the Corporation filed a counterclaim against respondent. Here in *Nitz II*, appellant is suing respondent, and respondent has brought a third-party action against the Corporation.

The doctrine of res judicata generally applies where "the issues being litigated were previously decided between the same parties who were actually adversaries in the prior litigation." *Radmacher v. Cardinal*, 264 Minn. 72, 75, 117 N.W.2d 738, 741 (1962). While appellant and respondent were co-plaintiffs in *Nitz I*, the Corporation counterclaimed against respondent for contribution and/or indemnity. This put his negligence at issue and placed him in an adversarial position to appellant. Thus, while the parties' capacities or designations in the two suits may be different, their rights and liabilities are virtually identical.

■ 3. Appellant finally argues the trial court's dismissal of *Nitz I* (and this court's affirmance of that dismissal) was not an adjudication on the merits. She insists this court affirmed the dismissal of her claims in *Nitz I* based solely on the language of the original complaint:

> The language of the Nitzes' complaint is fatal to their argument. * * *

> The Nitzes' complaint involved the deck and residence which were clearly improvements to real property. Therefore, Minn.Stat. § 541.051, subd. 1, applied to their claims. Because the complaint was filed more than two years after the injury occurred, the Nitzes' cause of action was barred by the statute of limitations.

*Nitz*, 403 N.W.2d at 654 (footnote omitted).

However, *Nitz I* was dismissed with prejudice by the trial court on statute of limitations grounds. In affirming that dismissal, this court merely examined the language of the complaint to determine whether the claims arose out of an improvement to real property. This court's decision did not, as appellant now asserts, affirm dismissal of *Nitz I* based on an insufficient complaint.

A dismissal based on statute of limitations grounds is a decision on the merits, and is a bar to a second action brought under a different limitation period where the claims are substantially the same. *See* Minn.R.Civ.P. 41.02(3); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1046 (5th Cir.1989) (res judicata applies from prior judgment dismiss-

ing cause of action on statute of limitations grounds). The dismissal of *Nitz I* was therefore a final adjudication on the merits.

Appellant further argues this court recognized its ruling in *Nitz I* was not an adjudication on the merits when it specifically invited her to bring a claim which did not arise out of an improvement to real property:

> If the Nitzes could state a cause of action that did not arise out of an improvement to real property, Minn.Stat. § 541.051, subd. 1, would not apply, and the applicable statute of limitations presumably would be six years. *See* Minn. Stat. § 541.05(5) (1984). We have therefore expedited the release of this opinion in order to afford the Nitzes the opportunity to pursue such a cause of action, if one exists, before the six-year period expires.

*Nitz*, 403 N.W.2d at 654 n. 3. This footnote, however, is dicta and is not binding on this court. It cannot be interpreted as a ruling by this court that appellant would be allowed to bring another suit for the same claims.

Respondent has indicated we need only address the issue raised in his notice of review should we reverse the trial court. Because we affirm the trial court's dismissal of appellant's claims against respondent on res judicata grounds, the notice of review issue will not be discussed.

#### DECISION
Affirmed.