31 F.3d 615
 Russell AUSTIN, Appellant,
v.
SUPER VALU STORES, INC., a foreign corporation; B & H
Industrial Services; Dean Bourne, individually and as owner
of B & H Industrial Services; David Fish, individually;
Wayne Fish, individually, Appellees.
 No. 93-2899.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 13, 1994.
Decided July 21, 1994.
 
 Stephen C. Fiebiger, Minneapolis, MN, argued and on brief (Richard H. Barker IV, New Orleans, LA, on brief), for appellant.
 William Moran, St. Paul, MN, argued, for Super Valu Stores.
 Victor E. Lund, Minneapolis, MN, argued (Joseph M. Goldberg and Victor E. Lund, Minneapolis, MN, on brief for appellee B & H Industrial), for B & H Industrial Services, Dean Bourne, David Fish and Wayne Fish.
 Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Russell Austin appeals from a final order entered in the United States District Court[1] for the District of Minnesota granting summary judgment in favor of defendants Super Valu Stores, Inc. (Super Valu), B & H Industrial Services (B & H), Dean Bourne, individually and as owner of B & H, David Fish, and Wayne Fish on the ground of res judicata. Austin v. Super Valu Stores, Inc., No. Civil 4-92-1059, 1994 WL 409473 (D.Minn. May 17, 1993) (order granting summary judgment in favor of all defendants except David Fish); id. (June 22, 1993) (order granting summary judgment in favor of David Fish). For reversal, Austin argues the district court erred in granting summary judgment in favor of all defendants on the ground of res judicata because the prior judgment was not a decision on the merits and the causes of action and the parties in the two cases are not the same. He also argues there were genuine issues of material fact in dispute about the organizational capacity of B & H. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 On January 26, 1987, Austin fell off a forklift and was injured. Austin was installing scaffolding-storage racks at the Lewis Grocery warehouse owned and operated by Super Valu in Hammond, Louisiana. Konstant Products had manufactured the racks; Super Valu bought the racks from Bill Lind Co., the distributor; B & H installed the racks. David Fish and Wayne Fish were employees of B & H and supervised the actual installation of the storage racks at the warehouse.
 
 
 3
 Austin first filed a lawsuit against Konstant Products in the United States District Court for the Eastern District of Louisiana. That lawsuit was settled with a reservation of rights against other defendants. In October 1988 Austin filed a second lawsuit against Bill Lind Co., Super Valu, B & H, David Fish, and Wayne Fish, also in the United States District Court for the Eastern District of Louisiana. That complaint mistakenly described B & H as a corporation; B & H was not a corporation. According to counsel for B & H, B & H was initially a partnership but, at the times relevant to this litigation, was a sole proprietorship owned by Dean Bourne. The basis for subject matter jurisdiction was diversity of citizenship. Austin asserted liability on negligence and strict liability theories.[2] The district court dismissed the action on the ground that it was barred by Louisiana's one-year statute of limitations for personal injury actions. Austin v. Bill Lind Co., No. 88-4447(F), 1994 WL 592835 (E.D.La. Mar. 23, 1990). Austin did not appeal.
 
 
 4
 In October 1992 Austin filed the present action in the United States District Court for the District of Minnesota against defendants Super Valu, B & H, Dean Bourne, individually and as the owner of B & H, David Fish, and Wayne Fish.[3] The complaint described B & H as a business but not as a corporation. The basis for subject matter jurisdiction was diversity of citizenship. Austin alleged that defendants had negligently directed and supervised his installation of the scaffolding-storage racks and had failed to keep the premises in a safe condition, thus causing his serious injuries. The applicable Minnesota statute of limitations for personal injury actions is six years.[4] All defendants except David Fish filed motions for summary judgment on the ground of res judicata.
 
 
 5
 The district court granted summary judgment in favor of all defendants except David Fish on the ground of res judicata. The district court noted that in this circuit the application of res judicata in diversity cases is a question of state law, although it was not clear whether the law of the forum state or the law of the state of the prior judgment applied. Slip op. at 5. The district court decided that it need not decide whether to apply Minnesota or Louisiana preclusion law because the result was the same under either state's law. Id. at 6. The district court noted that both Minnesota and Louisiana law, as well as some federal courts, grant preclusive effect to dismissals based on statute of limitations grounds. Id. at 7-8. The district court decided that res judicata applied because the Louisiana dismissal was a final decision on the merits, the cause of action in each case was the same (using the same nucleus of operative fact test), and the parties were identical or in privity. Id. at 9-12. The district court specifically found that the B & H which had been mistakenly described in the Louisiana complaint as a corporation was the same B & H described in the complaint in the present case as a sole proprietorship owned by Bourne. Id. at 13-15. The district court later granted summary judgment in favor of David Fish on the ground of res judicata. This appeal followed.
 
 
 6
 For reversal, Austin argues the district court erred in granting summary judgment in favor of defendants on the ground of res judicata. He argues res judicata does not apply because the second Louisiana action was dismissed on statute of limitations grounds and therefore was not a final decision on the merits, the causes of action were not the same, and the parties in the two cases were not the same. Austin also argues that he raised genuine issues of material fact about the organizational capacity of B & H sufficient to defeat summary judgment. Super Valu argues the district court correctly determined that the second Louisiana judgment barred relitigation. Super Valu argues that the dismissal on statute of limitations grounds was a final decision on the merits, the causes of action were the same and the parties in both actions were the same or in privity. With respect to the organizational capacity of B & H, B & H and Dean Bourne argue that B & H was the same party sued as a defendant in the second Louisiana action and that both B & H and Dean Bourne, as the owner of B & H, were protected by the dismissal of that action for purposes of res judicata.
 
 
 7
 We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir.1992); St. Paul Fire & Marine Insurance Co. v. FDIC, 968 F.2d 695, 699 (8th Cir.1992).
 
 
 8
 As noted by the district court, the threshold issue is whether state or federal law controls the application of res judicata. The judgment which is sought to be given preclusive effect was entered by a federal district court sitting in diversity. The district court here also had diversity jurisdiction. Thus, if res judicata applied, one federal court would be giving preclusive effect to the judgment of another federal court, a question which arguably would be a matter of federal law. See, e.g., Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044, 1045 (5th Cir.1989) (applying federal res judicata rules); Hauser v. Krupp Steel Producers, Inc., 761 F.2d 204, 207 (5th Cir.1985) (same); cf. Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180 (4th Cir.1989) (applying Fed.R.Civ.P. 41(b)); see also 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure Sec. 4472 (1981 & Supp.1994). "However, cases from [this circuit] have consistently concluded that collateral estoppel in a diversity action is a question of substantive law controlled by state common law." Lane v. Sullivan, 900 F.2d 1247, 1250 (8th Cir.), cert. denied, 498 U.S. 847, 111 S.Ct. 134, 112 L.Ed.2d 101 (1990); see Iowa Electric Light & Power Co. v. Mobile Aerial Towers, Inc., 723 F.2d 50, 52 (8th Cir.1983); Gatzemeyer v. Vogel, 589 F.2d 360, 362 (8th Cir.1978); cf. Gerrard v. Larsen, 517 F.2d 1127, 1131-32 (8th Cir.1975) (noting conflict but refusing to decide because same result under either state or federal preclusion law). Therefore, we apply state, not federal, law.
 
 
 9
 The next question is which state's law should be applied--Minnesota or Louisiana. The district court did not decide whether to apply Minnesota or Louisiana law because the result was the same under either Minnesota or Louisiana law.[5] Both Minnesota and Louisiana law, as well as some federal courts, grant preclusive effect to dismissals based on statute of limitations grounds. Slip op. at 5-6, citing Guidry v. Bayly, Martin & Fay of Louisiana, Inc., 545 So.2d 567, 569-70 (La.Ct.App.) (dismissal on statute of limitations ground is decision on the merits for preclusion purposes), writ denied, 551 So.2d 638 (La.1989), and Nitz v. Nitz, 456 N.W.2d 450, 452-53 (Minn.Ct.App.1990) (same); see also Myers v. Bull, 599 F.2d 863, 865 (8th Cir.) (per curiam) (same), cert. denied, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979). Which state's law applied was not an issue in this circuit's decisions cited in the paragraph above because those decisions involved only one state's law. Lane v. Sullivan, 900 F.2d at 1249-50 (Arkansas); Iowa Electric Light & Power Co. v. Mobile Aerial Towers, Inc., 723 F.2d at 51-52 (Iowa); Gatzemeyer v. Vogel, 589 F.2d at 361-62 (Iowa).
 
 
 10
 Although we reach the same result as the district court, we apply the law of Louisiana to determine the preclusive effect of the prior judgment. We find persuasive the analysis in Semler v. Psychiatric Institute of Washington, D.C., Inc., 188 U.S.App.D.C. 41, 575 F.2d 922 (1978). In that case the plaintiff recovered judgment in a Virginia wrongful death action against certain defendants in federal court in Virginia; she then sued the same defendants for the same wrongful death in federal court in the District of Columbia under that jurisdiction's wrongful death law. The basis of federal jurisdiction in each action was diversity. The court reviewed "the principles of Erie [Railroad] Co. v. Tompkins[, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), which require federal courts sitting in diversity to apply state substantive law,] and the mandate of the Full Faith and Credit Clause as supplemented by 28 U.S.C. Sec. 1738," 575 F.2d at 927 (footnote omitted), which require state courts and federal courts to give the judgments of other states the same preclusive effect as is given such judgments in the states in which they were rendered, and concluded that they required
 
 
 11
 a federal court exercising diversity jurisdiction in forum II to give to the judgment of a federal court exercising diversity jurisdiction in forum I the same full faith and credit that a state court in forum II would be obliged to give the judgment of a state court in forum I, at least in the absence of an overriding federal interest.
 
 
 12
 Id. at 927-28 (footnote omitted). The court thus held that the "res judicata effect of the first forum's judgment is governed by first forum's law, not by the law of the second forum." Id. at 930. The court applied Virginia law to determine the res judicata effect of the first forum's judgment and held that the first forum's judgment precluded the second litigation. Id. at 927-30.
 
 
 13
 We hold the district court correctly gave preclusive effect to the second Louisiana judgment. The Louisiana law applicable to the present case is that state's former law of res judicata, which provided:
 
 
 14
 The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
 
 
 15
 La.Rev.Stat.Ann. Sec. 13:4231 (now repealed); see, e.g., Butler v. Reeder, 628 So.2d 99, 100 (La.Ct.App.1993). The former law was substantially amended by 1990 La. Acts No. 521, Sec. 1 (effective Jan. 1, 1991) (now codified at La.Rev.Stat.Ann. Sec. 13:4231 (West 1991)). Section 5 of the 1990 amendments also provided that "[t]he preclusive effect and authority of a judgment rendered in an action filed before the effective date of this Act shall be determined by the law in effect prior to January 1, 1991." Because the second Louisiana action was filed before January 1, 1991, we will apply the Louisiana res judicata law in effect prior to the 1990 amendments.
 
 
 16
 Civil res judicata is not the same as common law res judicata.[6] Mitchell v. Bertolla, 340 So.2d 287, 290 (La.1976). As the Louisiana Supreme Court explained in Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978) (citations omitted),
 
 
 17
 [a]s a result of [Louisiana's] civilian heritage, res judicata under Louisiana law is perceived to be much narrower in scope than its counterpart in common law jurisdictions. Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of "cause" and (3) an identity of the thing demanded. The absence of any of these identities is fatal to a plea of res judicata.
 
 
 18
 "There exists an identity of parties whenever the same parties, their successors, or others appear, so long as they share the same 'quality' as parties." Vicknair v. Hibernia Building Corp., 479 So.2d 904, 908 (La.1985); see Greer v. State, 616 So.2d 811, 815 (La.Ct.App.1993) (same quality or capacity). "It is well-settled that the term 'cause of action,' as used in [the statute], is really a mistranslation from the French and really refers to the civil concept of cause." Greer v. State, 616 So.2d at 815. The civil concept of " '[c]ause' is said to be the juridical or material fact which is the basis of the right claimed, or the defense pleaded. It can be likened to 'grounds,' 'theory of recovery,' or the principle upon which a specific demand is grounded." Id. (citations omitted). Cf. La.Rev.Stat.Ann. Sec. 13:4231 historical notes, comment (a) (West 1991) (new rule replaces civil cause of action test with inquiry into whether the second cause of action arises out of the transaction or occurrence which was the subject matter of the first action). "The 'thing demanded' has been defined as the 'kind of relief sought.' " Greer v. State, 616 So.2d at 815 (citation omitted).
 
 
 19
 We think the second Louisiana action and the present action were founded on the same "cause" because the material fact of Austin's fall and injury, the theories of recovery, that is, negligence and strict liability, and the kind of relief sought, that is, money damages, were the same in each case. See Golman v. Dixie Insurance Co., 385 So.2d 309, 310 (La.Ct.App.), writ refused, 386 So.2d 357 (1980). In that case the plaintiff first sued the defendants for wrongful death in an automobile collision based on negligence; the case was decided against the plaintiff. The plaintiff then sued the same defendants for the same wrongful death based on strict liability. The court held that res judicata applied because the material fact of the automobile collision was the same and the plaintiff did not change her cause by alleging liability under two different kinds of fault, first negligence and then strict liability. Id.; see Mitchell v. Bertolla, 340 So.2d at 292 (no identity of cause where plaintiff in earlier suit sought to nullify contract for nonpayment of rent and later sought the same relief on different grounds, that is, fraud and lack of consideration); Greer v. State, 616 So.2d at 816-17 (no identity of the thing demanded when the object of the first action was enforcement of the lease as written and in the second action reformation of the same lease; similarly, no identity of cause when the theory of recovery in the second action was mutual mistake and no such issue was litigated in the first action).
 
 
 20
 The identity of the parties presents a closer question. Super Valu, David Fish, Wayne Fish, and B & H were defendants in each case, but Dean Bourne was a defendant in the present case only. We think the district court correctly decided that B & H was the same entity in each case and that Dean Bourne, as the owner of B & H, a sole proprietorship, was in privity with B & H. The evidence supports the district court's findings that there was only one entity named B & H Industrial Services and that the B & H which was mistakenly described in the Louisiana complaint as a corporation was in fact the same B & H described in the complaint in the present case as a sole proprietorship owned by Bourne. Austin presented no evidence to rebut the evidence showing that B & H was a sole proprietorship owned by Dean Bourne.
 
 
 21
 In sum, we hold that, under Louisiana's former law of res judicata, the 1990 dismissal by the federal district court in the Eastern District of Louisiana of Austin's claims barred litigation of Austin's subsequent action filed in federal district court in Minnesota.
 
 
 22
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 Austin claimed Konstant Products had negligently failed to warn concerning safe methods for installing the racks; Konstant Products was vicariously liable for the negligence of its agents, B & H, David Fish and Wayne Fish, and because they were involved in a common enterprise; Konstant Products knew or should have known that David Fish and Wayne Fish practiced unsafe work methods; and Konstant Products was strictly liable because it sold its product without adequate warnings and in defective packaging
 
 
 [3]
 Konstant Products and Bill Lind Co. are not parties in the present case
 
 
 [4]
 Because statutes of limitations are considered procedural, the present action would not be time-barred under the law of the forum, that is, Minnesota. See, e.g., Cuthbertson v. Uhley, 509 F.2d 225, 226 (8th Cir.1975)
 
 
 [5]
 We think the result would have been the same under both the federal and Minnesota res judicata rules, as well as, as discussed in the text, both the former and new Louisiana rules. See, e.g., Kolb v. Scherer Bros. Fin. Servs. Co., 6 F.3d 542, 544 (8th Cir.1993) (first suit must result in final judgment on the merits in court of competent jurisdiction, both suits must involve the same cause of action (same nucleus of operative fact), both suits must involve the same parties or their privies); Sunrise Elec., Inc. v. Zachman Homes, Inc., 425 N.W.2d 848, 851 (Minn.Ct.App.1988) (same factors)
 
 
 [6]
 Interestingly enough, as a result of the 1990 amendments, res judicata in Louisiana is now similar to common law res judicata and specifically includes collateral estoppel or issue preclusion. La.Rev.Stat.Ann. Sec. 13:4231 historical notes--comment (a), (b) (West 1991)