Timothy L. SAUTTER, et al., Appellants,

v.

**INTERSTATE POWER COMPANY,**
a Delaware corporation,
Respondent.

No. C2–97–428.

Court of Appeals of Minnesota.

Aug. 19, 1997.

---

Thomas J. Conlin, Roman Lifson, Mullen J. Dowdal, Robins, Kaplan, Miller & Ciresi, L.L.P, Minneapolis, for appellants.

Phillip A. Kohl, Christian & Peterson, P.A., Albert Lea, for respondent.

Considered and decided by PARKER, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

PARKER, Judge.

Pursuant to dismissals in both Iowa federal and state courts, appellants Timothy L. Sautter, et al. (Sautters), commenced a personal injury action in Minnesota to avail themselves of Minnesota's six-year statute of limitations. Because the Iowa rules of civil procedure established a dismissal based on the statute of limitations to be an "adjudication on the merits," the district court determined that full faith and credit required our court to recognize the Iowa decision as a final judgment for the purposes of res judicata. Respondent Interstate Power Company's motion for summary judgment was then granted. We affirm.

## FACTS

This case arose from a personal injury accident, and the facts are not in dispute. On September 19, 1992, Timothy Sautter was injured when the top end of an auger he was moving came into contact with an Interstate power line. Sautter sustained an electrical shock resulting in severe burns over most of his body and the amputation of his left arm at the shoulder. At the time of the accident, Sautter was working for an Iowa company but resided in Prairie du Chien, Wisconsin.

In July 1993, the Sautters retained counsel in Wisconsin and in Iowa, but shortly thereafter moved their residence to Iowa. In October 1993, notwithstanding their clients' move to Iowa, the Sautters' attorneys commenced an action in Iowa federal court based on diversity jurisdiction. Interstate moved for dismissal for want of jurisdiction, and the motion was granted.

While pursuing their action in federal court, Iowa's two-year statute of limitations for personal injury actions had run. However, the Sautters commenced an action in Iowa district court pursuant to that state's

"saving statute," Iowa Code § 614.10.[1] Interstate then moved for summary judgment based on violation of the statute of limitations and negligent prosecution, and the motion was granted. Citing to Iowa Code § 614.1(2), the Iowa court found that the Sautters' commencement of a personal injury action on February 3, 1995, for an injury occurring on September 19, 1992, was barred by the statute of limitations. Furthermore, the Iowa court noted that if the Sautters were to come under the protection of Iowa Code § 614.10, the following prerequisites were required:

> (1) The failure of the former action not caused by the Plaintiff's negligence; (2) the commencement of a new action brought within six months thereafter; (3) the parties must be the same; and (4) the cause of action must be the same.

*Beilke v. Droz,* 316 N.W.2d 912, 913 (Iowa 1982). Concluding that the Sautters prosecuted their action in federal court based on the negligently alleged diversity of the parties, the court granted Interstate's motion for summary judgment. The Sautters then appealed to the Iowa Supreme Court, which affirmed the lower court.

In May 1996, the Sautters commenced the same personal injury action in Minnesota well within this state's six-year statute of limitations. Interstate moved for summary judgment, asserting the affirmative defense of res judicata based on the Iowa decisions. By order dated December 5, 1996, the district court found that the Full Faith and Credit Clause and Minnesota's "borrowing statute"[2] barred the Sautters' action. Noting that the Iowa court considered its dismissal an adjudication on the merits, the trial court concluded that res judicata applied and granted summary judgment to Interstate.

The Sautters then moved for relief from the judgment or for "reconsideration." Acknowledging that the December 5, 1996, order erroneously relied on Minnesota's repealed borrowing statute, the district court concluded that the Sautters' cause of action still failed. Pursuant to Iowa R. Civ. P. 217, the district court determined that the Iowa dismissal constituted an adjudication on the merits and that full faith and credit required our court to give the Iowa judgment the same effect it would receive in an Iowa court. The district court then concluded that res judicata would apply to bar the action in Minnesota.

## ISSUE

Did the district court err in concluding res judicata barred the Sautters' action because full faith and credit requires Minnesota to recognize the Iowa statute of limitations dismissal as an adjudication on the merits?

## DISCUSSION

Summary judgment shall be rendered

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Minn. R. Civ. P. 56.03. On appeal from summary judgment, we ask "whether there are any genuine issues of material fact" and "whether the lower courts erred in their application of the law." *State by Cooper v. French,* 460 N.W.2d 2,4 (Minn.1990).

The Sautters argue that the district court erred in concluding the Iowa judgment can constitute a bar based on res judicata to preclude the present action. They contend the dismissal of their case by the Iowa court

---

1. Iowa Code Annotated § 614.10 (1950) provides:

   If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first.

2. Laws of one state or jurisdiction used by another state in deciding conflicts questions involved in choice of law. *Black's Law Dictionary* 97 (5th

ed.1983); (e.g., Minn G. St.1923 (2 Mason, 1927) § 9201). We note that Minnesota's borrowing statute provided: "When a cause of action arises out of the state and by the laws of the place where it arose, an action thereon is barred by lapse of time; such an action cannot be maintained in this state unless the plaintiff be a citizen of the state who has owned the cause of action since it accrued." Minn.Stat. § 541.14, repealed 1977 Minn. Laws ch. 187, § 1.

is not a final judgment on the merits in Minnesota because the decision was based solely on Iowa's statute of limitations and an Iowa rule of civil procedure. They claim that Minnesota considers a statute of limitation to be purely procedural devices, and thus dismissals on that ground do not result in a final judgment on the merits as required for res judicata purposes. They also claim that even if the Iowa decision were an adjudication on the merits, they are not precluded from bringing their case in Minnesota because the Iowa decision has no bearing on an action in a Minnesota court. The Sautters cite to *Sun Oil Co. v. Wortman*, 486 U.S. 717, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988), and *Reinke v. Boden*, 45 F.3d 166 (7th Cir.1995), for support.

In *Sun Oil*, owners of mineral leaseholds in Texas, Oklahoma, and Louisiana commenced a class action in Kansas to recover interest payments on suspended gas royalties. *Sun Oil*, 486 U.S. at 719–20, 108 S.Ct. at 2120–21. The United States Supreme Court held that Kansas did not violate the Full Faith and Credit Clause when it applied its own statute of limitations. *Id.* at 727, 108 S.Ct. at 2124. The Supreme Court stated:

> It is never the case under *Erie* that either federal or state law—if the two differ—can properly be applied to a particular issue, but since the legislative jurisdictions of the States overlap, *it is frequently the case under the Full Faith and Credit Clause that a court can lawfully apply either the law of one State or the contrary law of another.*

*Id.* (citations omitted) (emphasis added). The Court said further:

> [W]e do not hold that Kansas must apply its own statute of limitations to a claim governed in its substance by another State's law, but only that it may.

*Id.*

Similarly, in *Reinke*, petitioner, an Illinois resident, commenced suit in Minnesota state court against the defendants, all Minnesota residents, alleging breach of a written guarantee of a lease. *Reinke*, 45 F.3d at 167. Applying the Minnesota statute of limitations, the Minnesota state court concluded that Reinke's cause of action was time-

barred. *Id.* Petitioner then commenced the same action in federal court in Illinois. *Id.* The federal district court held that petitioner's action was barred by res judicata because Minnesota courts would consider the dismissal a judgment on the merits that barred a second suit on the same cause of action between the same parties. *Id.* On appeal, concluding that Minnesota would have no interest in barring further litigation in another forum, state or federal, the seventh circuit held:

> [W]e cannot say that Illinois has forsaken its traditional position that dismissal of a suit on the ground that the action does not meet the statute of limitations of a foreign jurisdiction precludes suit in Illinois only if the same statute of limitations applies. * * * Accordingly, we conclude that Illinois would not bar this suit on statute of limitations grounds.

*Id.* at 172–73.

Interstate argues that neither *Sun Oil* nor *Reinke* is applicable to the case at bar. They contend that the issue is not one of choice of law or which statute of limitations to apply. Instead, they claim that the proper issue before this court is whether Minnesota should recognize a statute of limitations dismissal from a state whose applicable rule of civil procedure mirrors that of Minnesota in categorizing a dismissal based on the statute of limitations as an adjudication on the merits. Interstate cites *Nitz v. Nitz*, 456 N.W.2d 450 (Minn.App.1990), and *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615 (8th Cir.1994), in support of their position.

In *Nitz*, plaintiff brought suit in Minnesota against defendant for negligent installation of a bird feeder. *Nitz*, 456 N.W.2d at 451. The trial court dismissed, and this court affirmed, concluding the suit was barred by the two-year statute of limitations applicable to improvements to real property. *Id.* A short time later, plaintiff commenced an action alleging negligent maintenance and inspection of the bird feeder, based on the same factual incident. *Id.* Plaintiff then commenced another action for negligent design of the bird feeder. *Id.* The trial court consolidated the two cases and granted summary judgment in

favor of the defendant based on res judicata. *Id.* Concluding that the dismissal of the first action, although based on the statute of limitations, constituted a final adjudication on the merits, this court affirmed the trial court's application of res judicata. *Id.* at 452 (citing Minn. R. Civ. P. 41.02).

Similarly, in *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615 (8th Cir.1994), appellant brought suit against defendant Konstant Products in federal court in Louisiana for injuries sustained when he fell from a forklift. *Austin*, 31 F.3d at 616. The suit was settled with a reservation of rights against other defendants. *Id.* Appellant then filed a second suit in the Louisiana federal court against the remaining defendants, alleging negligence and strict liability. *Id.* The action was dismissed as barred by Louisiana's one-year statute of limitations for personal injury actions, and no appeal was taken. *Id.* Appellant then commenced an action in federal court in Minnesota against Super Valu, et al., for negligence and failure to keep the premises in safe condition. *Id.* Concluding that some federal courts and both Minnesota and Louisiana courts grant "preclusive effect to dismissals based on statute of limitation grounds," the district court determined that res judicata applied "because the Louisiana dismissal was a final decision on the merits." *Id.* at 616–17. On appeal, the eighth circuit concluded that the district court did not err in ruling that the second Louisiana judgment precluded the Minnesota action based on the doctrine of res judicata. *Id.* at 618; *see also Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1129 (10th Cir.1991) (holding that dismissal with prejudice by Kansas district court of previously filed action due to noncompliance with Kansas's two-year statute of limitations barred subsequent action filed in New Mexico based on res judicata).

■ Whether a district court erred in applying claim or issue preclusion is a mixed question of fact and law subject to de novo review. *Parker v. MVBA Harvestore Sys.*, 491 N.W.2d 904, 906 (Minn.App.1992). To reach the conclusion that the doctrine of res judicata is applicable, a trial court must be presented with:

(1) a final judgment on the merits; (2) a second suit involving the same cause of action; and (3) identical parties or parties in privity.

*Myers v. Price*, 463 N.W.2d 773, 776 (Minn. App.1990), *review denied* (Minn. Feb. 4, 1991). In Minnesota, a dismissal based on statute of limitations grounds is a decision on the merits and is a bar to a second action brought under a different limitations period where the claims are substantially the same. *Nitz*, 456 N.W.2d at 452. Iowa R. Civ. P. 217 provides:

All dismissals not governed by R.C.P. 215 [voluntary dismissal] or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise.

Minn. R. Civ. P. 41.02(c) similarly provides:

Unless the court specifies otherwise in its order, a dismissal pursuant to this rule and any dismissal not provided for in this rule or in Rule 41.01, other than a dismissal for a lack of jurisdiction, * * * operates as an adjudication on the merits.

Under the doctrine of res judicata,

[a] judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every other matter which was actually litigated, but also as to every matter which might have been litigated therein.

*Dorso Trailer Sales v. American Body & Trailer*, 482 N.W.2d 771, 774 (Minn.1992). The United States Supreme Court has held that full faith and credit

generally requires every State to give a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it.

*Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963).

By its March 1997 order, the district court noted that its December 1996 order erroneously relied on a line of cases based on this state's repealed borrowing statute to support a determination that res judicata barred the Sautters' claims. However, the court noted that while statutes of limitations are procedural, a trial court is not mandated to apply

the statute of limitations of its forum. *See Sun Oil Co.*, 486 U.S. at 727, 108 S.Ct. at 2124 (holding that a trial court has discretion to decide which statute of limitations to apply when an action is commenced after statute of limitations dismissal in another forum). The court also noted that it found no law to support the conclusion that

> Minnesota follows a policy of applying its own statute of limitations to actions brought in Minnesota after a dismissal was entered in another state's court.

The district court then found the Full Faith and Credit Clause required every state to give a judgment at least the res judicata effect that would be accorded in the state that rendered the decision. The district court then concluded that the Iowa decision was an adjudication on the merits, not merely a procedural dismissal, thereby supporting preclusion of the Sautters' claim based on res judicata.

■ This appears to present an issue of first impression in Minnesota. We observe that the authorities and jurisdictions are not uniform in deciding whether to apply res judicata to previous sister state statute of limitations dismissals.[3] In addition, we are confronted with competing values. The Sautters have not had their day in court. Minnesota public policy articulates a preference for allowing cases to go to trial. *Bergquist v. Medtronic, Inc.*, 379 N.W.2d 508, 511 (Minn.1986). On the other hand, the accident occurred in Iowa and the parties are Iowa residents; it is an Iowa case. Furthermore, a final judgment has been rendered under Iowa law, which constitutes an adjudication on the merits under Iowa law.[4]

■ We are of the opinion, therefore, that the eighth circuit opinion in *Austin*, while not binding precedent, provides authority of great persuasive value; that court's reasoning appears to be most consistent with the predominant authority in Minnesota that such a dismissal is an adjudication on the merits. *See* Minn. R. Civ. P. 41.02(c). Although the Sautters cite to *Reinke* as dispositive in this matter, we do not agree. In *Reinke*, appellant's cause of action was deemed barred in Minnesota based on Minn. R. Civ. P. 41.02(c). *Id.* at 172. Appellant, an Illinois resident, then sought to commence the same action in Illinois, where the statute of limitations had not yet run. *Id.* The trial court concluded that the Illinois action was barred by the doctrine of res judicata based on the statute of limitations dismissal in Minnesota. *Id.* On appeal, the seventh circuit reversed, holding that the Illinois court owed no deference to the Minnesota judgment because Minnesota would have no interest in barring relief in another state and Illinois takes the traditional position

> that dismissal of a suit on the ground that the action does not meet the statute of limitations of a foreign jurisdiction precludes suit in Illinois only if the same statute of limitations applies.

*Id.* at 172. The court reviewed the authorities and concluded:

> Unlike any of these cases, we do not have before us two successive federal suits. This difference is not a formalistic one. An intrasystem use of res judicata for dismissals on the ground of the expiration of a statute of limitations promotes judicial economy within that system. Therefore, it

---

3. The Restatement (Second) Conflicts of Law § 95, cmts. a, c, g (1971 & Supp.1988), is concerned primarily with the effect of a judgment in the state in which it is rendered. Generally, a judgment that operates to bar another action on the same claim in one state will, under the Full Faith and Credit Clause of the United States Constitution, bar an action on the same claim in another state. Restatement (Second) of Judgments § 19, cmt. f (1980). Furthermore, many jurisdictions have recognized that a dismissal on limitations grounds is a judgment on the merits when the rules of the forum provide as much. *See Johnson v. Burnley*, 887 F.2d 471, 474 (4th Cir.1989) (dismissal on statute of limitations operates as res judicata); *Steve D. Thompson Truck-*

*ing, Inc. v. Dorsey Trailers, Inc.* 870 F.2d 1044, 1046 (5th Cir.1989) (res judicata effect is given to judgments that are dismissed on the statute of limitations); *Rose v. Town of Harwich*, 778 F.2d 77, 80 (1st Cir.1985) (limitation-based dismissal is one with claim preclusive effect) *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986).

4. Although Minnesota's borrowing statute has been repealed, we are persuaded that its proper application was in determining choice of law issues. We believe, however, that a full faith and credit analysis must be applied to judgments.

is in the interest of that system to give res judicata effect to the first judgment. * * * In the context of the intersystem use of res judicata, however, the intent of the first forum to save the judicial resources of the second cannot be so readily presumed.

*Id.* at 171.

In this case, the Sautters negligently commenced an action in Iowa federal district court. After the federal court dismissal, they chose to avail themselves of Iowa's "saving statute" and re-commenced their case in Iowa state court, where the case was dismissed because their negligence in filing the case in federal court precluded use of the saving statute. Under Iowa law, the dismissal based on its statute of limitations constituted an adjudication on the merits.

The Sautters then sought to avail themselves of Minnesota's six-year statute of limitations. Had the Sautters or Interstate been Minnesota residents or had the accident occurred here, we would be faced with quite different and perhaps compelling facts. In view of the lack of any connection with this state in regard to their cause of action, the fact that Minn. R. Civ. P. 41.02(c) mirrors Iowa's rule 217 in considering a statute of limitations dismissal to be an adjudication on the merits seems quite pertinent.

In deciding what effect to give the intersystem judgment, we cannot disregard the unequivocal language of the rules, regardless of whether we are applying the Iowa or Minnesota rules of civil procedure. The rules of both states mirror Fed. R. 41(b) and provide that a dismissal based on the statute of limitations constitutes an adjudication on the merits. Furthermore, we observe that the Full Faith and Credit Clause

> requires state courts and federal courts to give the judgments of other states the same preclusive effect as is given such judgments in the states in which they were rendered.

*Austin,* 31 F.3d at 618.

We conclude, therefore, that if this cause of action were being brought again in Iowa, the judgment based on Iowa rule 217 would preclude further action within that state.

Full faith and credit does not allow us to ignore a judgment from another state when its rules unequivocally categorize the decision as an adjudication on the merits; the judicial resources of Minnesota are fully utilized in handling Minnesota cases without seeking to import additional burdens when the parties' cause of action has no association with this state. Preservation of scant judicial resources precludes the extension of our facilities to parties who have unsuccessfully pursued a cause of action elsewhere and been subject to a final judgment there.

### DECISION

We affirm the dismissal of the trial court.

**Affirmed.**