ELISA ANTONSON v. AUREL L. EKVALL AND ANOTHER.

204 N. W. 2d 446.

February 9, 1973—No. 43757.

*Whitney E. Tarutis,* for appellant.

*Thomas M. Hilligan,* for respondent township.

*Romaine R. Powell* and *Russell A. Anderson,* for respondent Ekvall.

PER CURIAM.

This is an appeal by plaintiff from a judgment for defendant and an order dismissing plaintiff's case. The case has been here before. Antonson v. Ekvall, 289 Minn. 536, 186 N. W. 2d 187 (1971). In the prior case, plaintiff sought vacation of a deed and an order requiring defendant township to reconvey and restore possession of real property or, alternatively, money damages. This court affirmed the trial court's direction of a verdict for defendant township, its order dismissing plaintiff's case, and the entry of judgment for defendants.

Based upon the basic facts,[1] plaintiff started a new action alleging (1) a breach of the escrow agreement, (2) adverse claims, (3) trespass, and (4) ejectment. By a motion for amended findings supported by a factual affidavit, plaintiff sought consideration again on the issue of the claimed change in location of the road. The trial court granted a motion dismissing plaintiff's second case and ordered judgment for the defendants and denied the motion for amended findings on the grounds that the same facts were the basis of her initial claims; that plaintiff had litigated her claims in the prior trial; and that having presented her claims in the prior case as a tort action and having been unsuccessful, she cannot relitigate the same basic claims as an action arising out of contract. The court further found on the denial of the motion for amended findings that facts relative to the change in the location of the road simply were insufficient to sustain a cause of action. We agree.

The holding of the trial court is in accordance with the controlling legal principles as set forth in 10B Dunnell, Dig. (3 ed.) § 5167.

We have considered other claims of error and find them to be without merit.

Affirmed.

---

[1] Defendant Ekvall, in a transaction between plaintiff and defendant township to build a road over plaintiff's property, had plaintiff sign a deed conveying certain of her land to the township. The deed was recorded prior to the road's being built, and the filing of the deed prior to the building of the road was contrary to the escrow agreement. In addition, plaintiff claimed the road was built along a course contrary to plaintiff's direction.