*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0812**

Marjorie Gowan, et al.,
Appellants,

vs.

The Estate of Robert E. Pape, et al.,
Respondents.

**Filed January 19, 2016
Affirmed in part and reversed in part
Kirk, Judge**

Polk County District Court
File No. 60-CV-14-932

DeWayne Johnston, Johnston Law Office, Grand Forks, North Dakota (for appellants)

Douglas A. Christensen, Pearson Christensen, PLLP, Grand Forks, North Dakota (for
respondents)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

In this real-property dispute, appellants argue that the district court erred by:

(1) applying res judicata, based upon a prior judgment and release of claims, to bar all of

appellants' claims against all respondents; (2) granting summary judgment in favor of

respondents on the contract-related claims; and (3) ruling on the merits of the contract-

related claims after applying res judicata. Respondents argue that the district court erred by exercising personal jurisdiction over respondents Henrietta Pape and the Estate of Robert E. Pape. Because the district court erred in exercising jurisdiction over these respondents, we reverse in part. Because the prior release of claims bars all current claims, and the district court did not err in granting summary judgment on the contract-related claims or ruling in the alternative on this basis, we affirm in part.

## FACTS

This appeal involves a dispute over real property once owned by Clara Pape and Robert E. Pape, who are both deceased. Robert E. Pape had children with the first two of his three wives. With his first wife, Luella Pape, he had four children: Marjorie Gowan, Dorothy Danielson, Rodney Pape, and Robert D. Pape. With his second wife, Clara Pape, he had one child, Carol Johnson. Rodney Pape had three children: Dan Pape, Rick Pape, and Gary Pape. Robert D. Pape has a son, Ronald Pape, who is married to Sharleen Pape.

On June 11, 1992, Clara Pape and Robert E. Pape each executed a trust agreement (the Pape Trusts). In each of the Pape Trusts, the settlor reserved the right, "to be exercised . . . without the consent or participation of any other person," "[t]o amend, in whole or in part, or to revoke this [a]greement by a writing delivered to my [t]rustees." Both of the trusts named Robert D. Pape as a trustee.

Clara's trust (the Clara Pape Trust) contained the following provision:

> It is Robert's and my intent that whether through this trust or the Robert Pape Trust each child eventually receive the following farmland prior to distribution of the residue of our estates . . . .

2

Robert's trust (the Robert E. Pape Trust) contained a reciprocal provision:

> It is Clara's and my intent that whether through this trust or the Clara Pape Trust each child eventually receive the following farmland prior to distribution of the residue of our estates . . . .

Following these intent provisions, each trust contained a list of real property to be conveyed to each child of Robert E. Pape, after the deaths of Clara and Robert E. Pape. The lists were identical. The Clara Pape Trust contained certain real property designated to pass to Robert D. Pape. The Robert E. Pape Trust contained the real property designated to pass to the remaining children, along with additional real property for Robert D. Pape.

After Clara Pape and Robert E. Pape created their trusts, they told Gowan, Danielson, Rodney Pape, Robert D. Pape, and Johnson about the real property each would be receiving. Johnson was to receive the property described as NW 1/4, Section 26, Twp. 153 N., R. 50 W., Polk County, Minnesota, except for the parcel that had been deeded to her in 1973. On that previously deeded parcel, Johnson built a home and a business. To prevent flooding on this property, she also built a dike located on the trust property that she was designated to receive.

Clara Pape died in 1994. The real property held in her trust was distributed in accordance with the trust's provisions. In 1998, Robert E. Pape married Henrietta Pape.

In 2007, Robert E. Pape amended his trust to provide Ronald Pape, his grandson, an exclusive option to purchase all of the real property contained in the Robert E. Pape Trust for $800.00 an acre. In 2009, Ronald Pape exercised the option and the real property in

3

the trust was conveyed to him and his wife Sharleen Pape for their joint lives and then to their children, as grantees.

In 2011, Rodney Pape, Gowan, Danielson, and Johnson initiated a civil action against Robert D. Pape, individually and as trustee of the Pape Trusts, and the Pape Trusts. The plaintiffs in this action sought (1) an accounting; (2) a determination of breach of fiduciary duty; (3) removal for cause pursuant to Minn. Stat. § 501B.16(9) (2014); (4) appointment of a trustee; (5) equitable relief to address breach of trust; and (6) attorney fees.

After Robert E. Pape's death in July 2011, the parties settled the suit based upon an agreement that Ronald Pape would transfer to Johnson a portion of the real property he purchased pursuant to the option. In consideration of this conveyance, the plaintiffs in the prior action agreed that the Robert E. Pape Trust, as amended in 2007, and the Clara Pape Trust "are valid trusts and not subject to any type of challenge." They also agreed to release all claims asserted in the action and all claims "of any [sort] arising in contract [or] tort, under any theory of law pertaining to or attributed to the administration of trusts[]" against Robert D. Pape individually or as a trustee of both trusts. The release of claims bound not only the plaintiffs as beneficiaries but also "their heirs, successors," "assigns," and "personal representatives."

4

In 2014, appellants Gowan, Danielson, Johnson, Dan Pape, and Rick Pape[1] initiated the action currently before us on appeal. The complaint asserted claims against each respondent as follows:

1. Estate of Robert E. Pape: breach of contract;

2. Robert D. Pape: intentional interference with contract and breach of fiduciary duties;

3. Ronald Pape: intentional interference with contract, unjust enrichment, and an action to determine adverse claims and quiet title;

4. Sharleen Pape: unjust enrichment and an action to determine adverse claims and quiet title; and

5. Henrietta Pape: intentional interference with contract and unjust enrichment.

The complaint alleged that, at the time Robert E. Pape amended his trust, "he no longer knew the value of his property or understood the value of money" and that "Henrietta J. Pape, Robert D. Pape, and Ronald Pape convinced an ailing Robert E. Pape to amend" his trust.

Robert D. Pape, Ronald Pape, and Sharleen Pape were personally served in April 2014. They filed an answer in May 2014. There is no evidence that the other respondents, Henrietta J. Pape and the Estate of Robert E. Pape, were served or have participated in these proceedings.

---

[1] Rodney Pape, father of Dan Pape and Rick Pape, who was a named plaintiff in the 2011 action, is deceased.

5

In September 2014, appellants moved for summary judgment and declaratory judgment, arguing that Robert E. Pape and Clara Pape had a contract for succession under Minn. Stat. § 524.2-514 (2014). In November, respondents objected to the motion, arguing that: (1) the district court lacked jurisdiction over the Estate of Robert E. Pape because the estate had not been opened and no personal representative had been appointed; (2) the district court lacked personal jurisdiction over Henrietta Pape because she had not been served with the summons and complaint; (3) appellants did not meet the statutory requirements of Minn. Stat. § 524.2-514 to establish a contract concerning succession; and (4) the judgment of dismissal of the 2011 civil action, which incorporated the release of claims, barred appellants from pursuing the current claims. On January 2, 2015, the district court denied appellants' motion, concluding that: (1) the plaintiffs common to the 2011 action and the current action had released their claims in the earlier action; and (2) appellants failed to establish that there was a contract precluding revocation under Minn. Stat. § 524.2-514 because the trusts were revocable by their terms.

On January 26, respondents moved for summary judgment, arguing the same two reasons upon which the district court denied appellants' motion. In February, appellants filed a cross-motion for summary judgment and declaratory relief. Appellants argued that Robert E. Pape and Clara Pape had a contract not to revoke the Pape Trusts, that the release of claims did not bar the breach-of-contract claim because it only barred claims involving the actions of Robert D. Pape, and that respondents had waived summary judgment to their remaining claims by failing to provide any legal analysis.

In March 2015, the district court granted respondents' motion for summary judgment, and denied appellants' motion. This time, the district court described the 2011 release of claims and resulting judgment as having the effect of res judicata upon all of appellants' claims. Again, the district court found that, as a matter of law, there was no contract for succession. The district court made this an alternative basis for summary judgment for the claims of breach of contract, intentional interference with contract, and unjust enrichment, as well as the remedy of specific performance.

This appeal follows.

**D E C I S I O N**

**I.  The district court's judgment in favor of Henrietta Pape and the Estate of Robert E. Pape is void for lack of personal jurisdiction.**

A judgment is void if the issuing court lacked personal jurisdiction over the parties. *Bode v. Minn. Dep't of Natural Res.*, 594 N.W.2d 257, 261 (Minn. App. 1999), *aff'd*, 612 N.W.2d 862 (Minn. 2000). "Whether personal jurisdiction exists is a question of law which we review de novo." *Juelich v. Yamazaki Mazak Optonics Corp.*, 682 N.W.2d 565, 569 (Minn. 2004).

Here, the district court never ruled on respondents' argument that it lacked personal jurisdiction over Henrietta Pape and the Estate of Robert E. Pape, which respondents raise again on appeal. The record lacks evidence that either Henrietta Pape or the Estate of Robert E. Pape was served with the summons and complaint in this matter or appeared in any proceeding. *See* Minn. R. Civ. P. 3.01; *Miss. Valley Dev. Corp. v. Colonial Enters., Inc.*, 300 Minn. 66, 72, 217 N.W.2d 760, 764 (1974) (holding that a defendant who submits

7

himself to the jurisdiction of the district court cannot later claim insufficient service). Further, there is no evidence that the Estate of Robert E. Pape has a personal representative, and "[n]o proceeding to enforce a claim against the estate of a decedent . . . may be . . . commenced before the appointment of a personal representative." *See* Minn. Stat. § 524.3-104 (2014). Therefore, this record does not show that appellants commenced an action against either Henrietta Pape or the Estate of Robert E. Pape. For this reason, the district court erred in exercising jurisdiction over these parties, and the judgment in their favor is void for lack of personal jurisdiction. *See* Minn. R. Civ. P. 60.02(d) (stating that a party may be granted relief from a judgment if it is void).[2]

## II. The district court properly held that the release of claims bars all of appellants' claims against all respondents.

A district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal from summary judgment, we review de novo "whether there are any genuine issues of material fact and whether the district court erred in its application of the law." *STAR Centers, Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76 (Minn. 2002). "We view the evidence in the light most favorable to the party against whom summary judgment was granted." *Id.* at 76-77.

---

[2] Hereinafter, the term "respondents" refers to Robert D. Pape, Ronald Pape, and Sharleen Pape.

We review the application of res judicata de novo. *Care Inst., Inc.-Roseville v. Cnty. of Ramsey*, 612 N.W.2d 443, 446 (Minn. 2000). The doctrine of res judicata is designed to prevent the relitigation of claims that have been determined in a prior action. *Beutz v. A.O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 531 (Minn. 1988).

> Res judicata applies as an absolute bar to a subsequent claim when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter.

*Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004). "All four prongs must be met for res judicata to apply." *Id.*

"Privity expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties." *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011) (quotation omitted). Courts will find privity as to "those who control an action although not parties to it[,]" "those whose interests are represented by a party to the action[,]" and "successors in interest to those having derivative claims." *Margo-Kraft Distribs., Inc. v. Minneapolis Gas Co.*, 294 Minn. 274, 278, 200 N.W.2d 45, 47-48 (1972) (quotation omitted). However, privity may also be found in other circumstances, when a person is otherwise "so identified in interest with another that he represents the same legal right." *McMenomy v. Ryden*, 276 Minn. 55, 58-59, 148 N.W.2d 804, 807 (1967) (quotation omitted). Because the circumstances in which privity will be found cannot be precisely defined, determining

9

whether parties are in privity requires a careful examination of the circumstances of each case. *Margo-Kraft Distribs., Inc.*, 294 Minn. at 278, 200 N.W.2d at 47. Privity is usually a question of fact. *Miller v. Nw. Nat. Ins. Co.*, 354 N.W.2d 58, 62 (Minn. App. 1984).

Appellants argue that respondents waived the issue of res judicata because they failed to raise it in regard to anyone but Robert D. Pape, and that res judicata does not apply to claims against Ronald and Sharleen Pape because they were not parties or privies to the 2011 action.[3] Respondents argue that they raised the res judicata defense in multiple pleadings, that appellants failed to argue lack of privity until appeal, and that Ronald and Sharleen Pape were privies to Robert D. Pape in the 2011 litigation.

Res judicata is an affirmative defense, which must be pleaded. Minn. R. Civ. P. 8.03. "An affirmative defense must be pleaded specifically and the failure to do so results in a waiver of the defense." *Rhee v. Golden Home Builders, Inc.*, 617 N.W.2d 618, 621 (Minn. App. 2000). The two primary purposes for requiring affirmative defenses to be pleaded specifically are to give the opposing party: (1) notice of the affirmative defense and (2) the opportunity to argue why the claim is not completely barred. *Snyder v. City of Mpls.*, 441 N.W.2d 781, 788 (Minn. 1989).

Here, respondents never specifically asserted the affirmative defense of "res judicata." In their answer, they only asserted that the prior judgment and release of claims barred the breach-of-fiduciary-duties claim against Robert D. Pape. However, beginning

---

[3] They also argue this with respect to Henrietta Pape and the Estate of Robert E. Pape.

with their response to appellants' first motion for summary judgment, respondents asserted that the judgment and release of claims barred all of appellants' claims.

Although respondents did not specify the affirmative defense of "res judicata," their filings put appellants sufficiently on notice of the theory in order to avoid waiving the defense, at least as to the breach-of-fiduciary-duties claim. However, the district court erred in applying res judicata to the claims against Ronald Pape and Sharleen Pape because it failed to address if there was a genuine issue of material fact as to whether they were in privity with Robert D. Pape, and the record does not support such a finding. There is no evidence in the record that Ronald Pape and Sharleen Pape "controlled" the defense to the prior action or were successors in interest to a party to that action. *Margo-Kraft Distribs., Inc.*, 294 Minn. at 278, 200 N.W.2d at 47-48. Although the settlement required Ronald Pape and Sharleen Pape to convey certain real property to Johnson, and each is related to Robert D. Pape by blood or marriage, the record does not establish, and the district court did not indicate, that Robert D. Pape was representing the interests of Ronald Pape and Sharleen Pape, or that he so identified in interest with them that he represented the same legal right. *See id.*; *McMenomy*, 276 Minn. at 58-59, 148 N.W.2d at 807.

In *Hentschel v. Smith*, the Minnesota Supreme Court clarified that the "relationship between joint tortfeasors is not such as to make the one not sued a party" in privity, even if he participates in the defense. 278 Minn. 86, 95, 153 N.W.2d 199, 206 (1967). "Privity depends upon the relation of the parties to the subject matter rather than their activity in a suit relating to it after the event." *Id.*; *see also Rucker*, 794 N.W.2d at 119 (holding that the attorney-client relationship between ex-husband and his attorney in an underlying

11

divorce action did not alone establish that they were in privity because, although they had a common interest in obtaining a favorable outcome in the divorce action, they did not share "a mutuality of legal interest" in the action).  Here, the record reflects that Robert D. Pape and Ronald and Sharleen Pape had different interests in the real property involved in this matter, and they did not share a role with respect to the key events.

However, the district court properly concluded that the release of claims barred all claims against all of the respondents.  *See Gronquist v. Olson*, 242 Minn. 119, 125, 64 N.W.2d 159, 164 (1954) ("A release may, dependent upon its terms, have the effect of extinguishing a right of action, and if so, it may be pleaded as a defense to any suit on the action.").

> Where a person having a cause of action against two or more joint [tortfeasors] releases and discharges one of such [tortfeasors], it is settled law that he thereby releases and discharges all of them, as he had but a single cause of action and can have only one satisfaction thereof.

*Joyce v. Mass. Real Estate Co.*, 173 Minn. 310, 312-13, 217 N.W. 337, 338 (1928).

Here, in the release of claims, each appellant, or any predecessor in interest, agreed that the trusts are "valid . . . and not subject to any type of challenge," and released all claims related to the administration of the Pape Trusts against Robert D. Pape as trustee. As the district court essentially found, each of appellants' claims challenges the amendment of the Robert E. Pape Trust and/or the transfer of land enabled by that amendment.  Under *Joyce*, there is no genuine issue of material fact as to whether the release of any action against Robert D. Pape pertaining to the administration of the trusts, including the transfer of real property to Ronald Pape and Sharleen Pape, released all potentially liable parties.

12

173 Minn. at 312-13, 217 N.W. at 338. It clearly did. Therefore, the district court properly granted summary judgment to respondents on the basis of the release of claims.

**III.    The district court did not err in granting summary judgment in favor of respondents on the contract-related claims.**

Minn. Stat. § 524.2-514 provides:

> A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after January 1, 1976, may be established only by (i) provisions of a will stating material provisions of the contract, (ii) an express reference in a will to a contract and extrinsic evidence proving the terms of the contract, or (iii) a writing signed by the decedent evidencing the contract. The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills.

For purposes of the probate code, "devise," "when used as a noun, means a testamentary disposition of real or personal property." Minn. Stat. § 524.1-201(12) (2014). A "devise" as used in Minn. Stat. § 524.2-514 includes disposition of real property via a testamentary trust, as we have here.

Common law regarding wills applies to revocable inter vivos trusts, as they are frequently used as will substitutes. *See In re Pamela Andreas Stisser Grantor Trust*, 818 N.W.2d 495, 504 (Minn. 2012). However, the term "will" in the probate code is not interchangeable with "trust." *See, e.g.*, *In re Horton*, 668 N.W.2d 208, 213 (Minn. App. 2003) (finding that the definition of "interested person" contained in the probate code was inapplicable because the controversy concerned trust assets). Thus, the Pape Trusts cannot be considered wills for purposes of Minn. Stat. § 524.2-514(i)-(ii), and the statute may only be satisfied if the intent provision in each trust constitutes "a writing signed by the decedent

13

evidencing the contract" not to revoke the trusts. Minn. Stat. § 524.2-514(iii). The existence of a contract to make a will or devise must be proved by "clear, positive, and convincing evidence." *See Clark v. Clark*, 288 N.W.2d 1, 8 n.10 (Minn. 1979).

Contrary to the district court's analysis, the fact that the trusts were revocable by their terms does not preclude the possibility that Robert E. Pape and Clara Pape entered into a contract not to revoke them. Although a will is always revocable, Minn. Stat. § 524.2-514 provides means for establishing a contract not to revoke a will. *See* Minn. Stat. § 524.2-507 (2014) (describing revocation by writing or act); Minn. Stat. § 524.2-803 (2014) (revocation by homicide); Minn. Stat. § 524.2-804 (revocation by dissolution of marriage); *see also Mosloski v. Gamble*, 191 Minn. 170, 175, 253 N.W. 378, 381 (1934) ("A single instrument may have a double aspect . . . . As will it is revocable. As contract it is enforceable, if broken by revocation as will.") (quotation omitted).

This case is similar to *Olesen v. Manty*, 438 N.W.2d 404 (Minn. App. 1989), where a married couple executed mutual wills, and the husband, unknown to the wife, executed a second will. *Id.* at 405. After the husband's death, the wife contended that he breached an oral contract to make mutual irrevocable wills. *Id.* at 406. As evidence of a contract, the wife pointed to the wills and a letter in which the husband explained to her why he executed his second will. *Id.* We held that these writings did not satisfy the statutory requirement of a writing by the decedent evidencing the contract because none referred to a contract to make mutual wills or expressly mentioned an intent not to revoke the wills. *Id.* at 407.

Likewise, the provisions describing a mutual intent to devise the property to the Pape children as listed in the trusts do not reference a contract to make the devises or a

14

commitment not to revoke the devises. This is fatal to the argument that Robert E. Pape and Clara Pape entered into a contract for succession pursuant to Minn. Stat. § 524.2-514(iii). Further, in October 2014, the attorney who drafted the Pape Trusts, signed an affidavit stating that he is not aware of any contract or agreement between Robert E. Pape and Clara Pape that would have prevented either of them from modifying his/her respective trust agreement. Therefore, the district court did not err in granting summary judgment to respondents on this basis as to the claims of breach of contract or intentional interference with contract, nor as to the request for specific performance.[4]

## IV. The district court was not precluded from ruling on appellants' contract-related claims after determining that res judicata barred the claims.

Appellants argue that, having found their claims to be barred by the doctrine of res judicata, the district court was precluded from ruling in the alternative on the contract-related claims. The district court's findings are detrimental to their possible malpractice claim against their previous attorney. In support of this argument, appellants rely on two cases from foreign jurisdictions, neither of which is on point or persuasive.

There is no legal authority indicating that a district court cannot rule on alternative bases for summary judgment after having found the doctrine of res judicata to apply. Even an appellate court "can, if it needs to, affirm summary judgment on alternative theories presented but not ruled on at the district court level." *Nelson v. Short-Elliot-Hendrickson,*

---

[4] The district court included appellants' unjust enrichment claims in its ruling on this issue. However, those claims are not related to the contract decision, as they are precluded where there is an applicable enforceable contract. *See Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012).

*Inc.*, 716 N.W.2d 394, 402 (Minn. App. 2006), *review denied* (Minn. Sept. 19, 2006).

Hence, the district court did not err in granting summary judgment on an alternative basis

as to the contract-related claims.

**Affirmed in part and reversed in part.**